IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN D. FOSTER,<br><br>        Plaintiff,<br><br>   v.<br><br>THE NEW JERSEY DIVISION OF<br>CHILD PROTECTION AND<br>PERMANANCY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>17-13572 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

    Plaintiff pro se Ivan D. Foster ("Plaintiff") filed this 42 U.S.C. § 1983 suit alleging that the New Jersey Division of Child Protection and Permanency ("NJDCPP"), and others, violated his constitutional rights by removing his daughter, hereinafter referred to as "I.S.F.," from his custody. Since Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1. Plaintiff filed the instant Complaint with an application to proceed in forma paupuris. [Docket Item 1.] Because Plaintiff's application disclosed that he was indigent, the Court permitted the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915, and ordered the Clerk of Court to file the Complaint. [Docket Item 2.] Plaintiff

subsequently filed a motion under Fed. R. Civ. P. 60 for "[i]nformal catch all relief" from various orders of the New Jersey Superior Court, Family Part, Burlington Vicinage. [Docket Item 4.]

2. Section 1915(e)(2)(B) requires the Court to screen the Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The Court also has "a continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and exhibits attached thereto and, for the purposes of this screening, accepts the factual allegations as true.

3. Plaintiff is the father of I.S.F., who was five years old when the Complaint was filed. [Docket Item 1 ("Compl.") at ¶ 13.] Josephine Parr ("Ms. Parr") is I.S.F.'s mother. (Id. at ¶ 19.)

4. On September 1, 2016, Ms. Parr filed for a Restraining Order in the Burlington County Superior Court, Chancery Division, Family Part against Plaintiff, Docket No. FV-03-000423-17, alleging a violation of the New Jersey Prevention of Domestic Violence Act. [Docket Item 4 at 1.] Thereafter, a

Temporary Restraining Order ("TRO") and Final Restraining Order ("FRO") were entered against Plaintiff. [Docket Item 5-1 at 1-2.] On or around June 22, 2017, the Burlington County Superior Court entered an Amended Final Restraining Order ("FRO"), which, among other things, barred Plaintiff from Ms. Parr's residence and place of employment, prohibited Plaintiff from having any communication with Ms. Parr except that he may text Ms. Parr "only in reference to the health, educa[tion], visitation, & welfare of [I.S.F.]," ordered Plaintiff to complete a psychiatric evaluation, and granted temporary custody of I.S.F. to Ms. Parr. [Docket Item 3-2.]

 5. According to the Complaint, on November 25, 2017, Plaintiff and I.S.F. "were together peacefully at their motel room" when "unannounced, Ms. Parr . . . appeared at the front of the door of the motel room [t]o tell [I.S.F.] good night." (Id. at ¶¶ 17, 19) Later that day, Ms. Parr went to the Mount Laurel police station and reported that Plaintiff "was naked and laying in the bed with [I.S.F.]." (Id. at ¶ 21.) On November 26, 2017, Ms. Parr brought I.S.F. back to the motel to stay with Plaintiff, but Plaintiff told Ms. Parr that I.S.F. could not stay with him that night because "he saw two [r]oaches in the room and knew [I.S.F.] would be scared." (Id. at ¶ 24.) According to the Complaint, Plaintiff moved to a "better motel" the next day. (Id. at ¶ 25.) The Mount Laurel Police referred

the matter to the NJDCPP who opened an investigation on November 27, 2017. (Id. at ¶¶ 22-23.)

    6. On December 15, 2017, the Burlington County Superior Court entered another Amended FRO, this time granting Plaintiff visitation with I.S.F. every Tuesday, beginning December 19, 2017, from 3:30 P.M. to 6:30 P.M., as well as parenting time every other weekend, beginning December 22, 2017, from 3:30 P.M. to 6:30 P.M. [Docket Item 3-1 at 3.] Three days later, on December 18, 2017, Ms. Parr obtained an Order from Burlington County Superior Court Judge Mark Tarantino requiring Plaintiff to "stop all parenting time and any texting about the wellbeing of [I.S.F.]." [Docket Item 3 at 1.] Plaintiff asked the Burlington County Superior Court for visitation on December 19, 2017 "because he did not Committ [sic] a violation of the NJ title 9 laws or administrative Code N.J.A.C. 10:120-1.3 DEFINITIONS or the 4 prongs needed [t]o be met to start an investigation." (Compl. at ¶ 29.) According to the Complaint, the Burlington County Superior Court denied Plaintiff's request "due to an open DCPP investigation." (Id. at ¶ 32.)

    7. On December 22, 2017, Plaintiff filed the Complaint [Docket Item 1] and accompanying exhibits [Docket Item 3] in federal court. Plaintiff alleges that his Fourteenth Amendment rights "[a]re being violated by the NJ Superior Court and The NJ DCPP [b]ecause he has not violate[d] any NJ Law or Adminstartive

4

[sic] code." (Compl. at ¶ 33.) As relief, Plaintiff asks the Court for an injunction against the Burlington County Superior Court and Mount Laurel Police Department to allow him to see I.S.F. in a public place "for one hour a day until this matter is heard by this court," as well as "33 million dollars against all defendants." (Id. at ¶¶ 34-35, 37.)

8. The Court will dismiss the Complaint for lack of subject matter jurisdiction. Although Plaintiff has clothed his complaint in the garb of a civil rights action, the Complaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendants in that custody process. Indeed, it is clear from the face of the Complaint that Plaintiff's primary grievance against the various Defendants is that their removal decisions, and those of the Burlington County Superior Court, were simply wrong.

9. This Court does not have jurisdiction over determinations of parental rights and child custody, including those presented in this case, because these are matters within the longstanding exception to federal jurisdiction in matters involving domestic relations of husband and wife, and parent and child. The New Jersey Legislature "adopted comprehensive legislation for the protection and welfare of the children of this State," and child abuse and neglect cases are controlled by Title 9 of the New Jersey Statutes. See New Jersey Div. of Youth

and Family Serv. v. M.C. III, 990 A.2d 1097, 1107 (N.J. 2010). New Jersey law makes clear that "the Superior Court, Chancery Division, Family Part has **exclusive original jurisdiction** over noncriminal proceedings under this act alleging the abuse or neglect of a child." N.J.S.A. § 9:6-8.24 (emphasis added). New Jersey law also mandates that "[a]ll noncriminal cases involving child abuse" be "transferred to [New Jersey family court] from other courts . . . ." N.J.S.A. § 9:6-9.22; see also Cesare v. Cesare, 713 A.2d 390, 399 (N.J. 1998) (noting the "family courts' special jurisdiction and expertise in family matters"). Moreover, appeals from any "final order or decision in a case involving child abuse" under Title 9 are taken to New Jersey appellate courts, not to federal court. N.J.S.A. § 9:6-8.70. Thus, even when a complaint is "drafted in tort, contract, 'or even under the federal constitution,'" if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction. New Jersey Div. of Youth and Family Servs. v. Prown, 2014 WL 284457, at *2 (D.N.J. Jan. 24, 2014) (citation omitted).

10.  These statutory provisions are consistent with the well-settled general understanding that the "'whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" Ankenbrandt v. Richards, 504 U.S. 689, 703

6

(1992) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). To the extent that Plaintiff seeks review of any temporary or permanent child custody or parental rights determinations, his recourse lies in an appeal within the state court system because this federal court lacks jurisdiction to entertain these claims.

11. Even if this Court had federal subject matter jurisdiction over a child custody dispute, which it does not, the Younger doctrine of abstention would bar the present action in federal court, since it appears proceedings are still taking place in state court.[1]

12. In general terms, the Younger abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Under Younger, a federal court should abstain from enjoining "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 73 (2013), and

---

[1] Plaintiff notes several times in the Complaint that there have been various proceedings in Burlington County Superior Court involving the custody dispute, including as recently as three days before he filed the Complaint. (Compl. at ¶ 29.) More recently Plaintiff filed additional papers which indicate that he began supervised visits with I.S.F. on March 17, 2018, and, as of April 9, 2018, those visits with his daughter have been "positive and meaningful." [Docket Item 4 at 2.]

7

abstention is warranted when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims, see Ocean Grove Camp Meeting Ass'n of United Methodist Church v. Vespa-Papaleo, 339 F. App'x 232, 236 (3d Cir. 2009). All three requirements are satisfied here.

13. First, Plaintiff's state proceedings are judicial in nature, since removal proceedings are ongoing before the New Jersey Superior Court. See N.J.S.A. § 9:6-8.24.

14. Second, the Complaint implicates important state interests. Issues relating to child custody and parental rights generally fall under the umbrella of "domestic relations," and the Supreme Court has long noted state tribunals' "special proficiency . . . over the past century and a half in handling issues that arise" in the area. Ankenbrandt, 504 U.S. at 704; see also Marshall v. Marshall, 547 U.S. 293, 307 (2006). Particularly where the question revolves around the status of a domestic relationship (in this case, the custody status of a child), the case implicates "difficult questions of state law bearing on policy questions of substantial public import whose importance transcends the result in the case [] at bar," and is more appropriate for a state court. Ankenbrandt, 504 U.S. at 705-06; see also Maycheck v. Judges of Pa. Sup. Ct., 395 F.

App'x 839, 942 (3d Cir. 2010) (noting that domestic relations exception divests federal courts of jurisdiction over cases involving a decree of child custody); Matusow v. Tans-County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008) (stating the same). The actions of Defendants at issue in the present Complaint are totally intertwined with, and at issue in, the Superior Court proceedings.

15. Third, there is no reason why Plaintiff may not raise his constitutional claims in the ongoing state proceedings in Burlington County Superior Court and, if dissatisfied with that court's rulings, he may take an appeal within the state court system and, eventually, to the U.S. Supreme Court, if desired. Plaintiff cannot, however, use the federal court system to challenge a state court decision with which he is dissatisfied because the federal court does not exist as an appellate tribunal reviewing state court decisions. Thus, the Younger doctrine additionally counsels this Court to abstain.

16. **Conclusion.** In sum, and for the foregoing reasons, the Complaint will be dismissed for lack of jurisdiction under the "domestic relations" exception, and alternatively due to abstention under Younger. Dismissal of the Complaint will be without prejudice to Plaintiff's right to file a complaint in a State court of competent jurisdiction. Plaintiff's motion for

relief pursuant to Fed. R. Civ. P. 60 will be denied as moot.[2] An accompanying Order shall be entered.

**November 20, 2018**                              **s/ Jerome B. Simandle**
                                                            JEROME B. SIMANDLE
                                                            U.S. District Judge

---

[2] Plaintiff's Rule 60 motion is "moot," that is, it does not present a matter that remains to be adjudicated because this Court's finding of lack of jurisdiction also means it lacks the power to decide any other motions in this case.